UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:11-CV-185-R

DARISSA SHERLEY                                                                                  PLAINTIFF

v.

WAL-MART STORES, INC., *et al*                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Motion for Partial Summary Judgment (Docket No. 11). The Plaintiff has responded, (Docket No. 16), and the Defendants have replied, (Docket No. 17). This matter is now ripe for adjudication. For the reasons that follow, Defendants' motion is DENIED.

## BACKGROUND

Plaintiff Darissa Sherley claims that on September 4, 2010, she "slipped on juice in the floor of a Walmart store," causing her to suffer injuries to her right knee and back. (Docket No. 16, at 1.) Sherley claims that she "awkwardly flailed to avoid falling completely" and that her knee hit the ground. Sherley reported to the emergency room immediately thereafter, where her knee was treated. On September 21, 2010, Sherley began experiencing back pain and returned to the emergency room.

Defendants argue that Sherley's deposition testimony "establishes beyond a reasonable doubt that she suffered a second and separate injury to her back on September 21, 2010 [and] did not injure her back on September 4, 2010." (Docket No. 11-1, at 4.) In the deposition testimony excerpted by Defendants, Sherley appears to state that when she began experiencing back pain on September 21, she was at work and "thought maybe [she] had pulled something." (*Id.* at 2.)

Defendants make much of the fact that Sherley first stated that her back began hurting a week after the fall, only to later acknowledged that "wouldn't have been necessarily the next week," but instead 17 days later. (*Id.* at 3-4.) Thus, Defendants argue that it would be "impossible for a jury to find that the plaintiff's lower back injuries were caused by any alleged negligence on the part of Walmart," because "according to the plaintiff's own testimony such a causal relationship is impossible." (*Id.* at 6.)

Sherley responds by arguing that "[t]he Defendant fails to consider that the mechanism of her fall possesses the ability to cause injury to her back" and that Sherley's "medical records relate [her] fall to her back problems." (Docket No. 16, at 2.) She maintains that the manner in which she fell caused her back injury. (*Id.*) Defendants argue in their reply that Sherley's response "includes only heresay [sic] statements made by the plaintiff to her physician . . . ." (Docket No. 17, at 1.) Defendants further conclude that Sherley's testimony "clarified she only injured her knee in the fall at Walmart [and] also clarified she injured her lower back seventeen (17) days later . . . ." (*Id.*) Thus, Defendants reiterate that summary judgment is appropriate because Sherley cannot prove, as a matter of law, that the fall at Walmart was a substantial factor in causing her back injury.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of her position; she must present evidence on which the trier of fact could reasonably find for her. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[T]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys.Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, although Kentucky state law is applicable to this case pursuant to *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Federal Rule of Civil Procedure 56, not "Kentucky's summary judgment standard as expressed in *Steelvest Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

"In any negligence action under Kentucky law, a plaintiff must prove the existence of a duty, breach thereof, causation, and damages." *Boland-Maloney Lumber Co. v. Burnett*, 302 S.W.3d 680, 686 (Ky. Ct. App. 2009) (citations omitted). "Causation presents a mixed question of law and fact." *Id.* (citing *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 89 (Ky. 2003)). Thus, in order to prevail on her claim, Sherley must be able to establish causation. To do so under Kentucky law, a plaintiff is required to prove that the defendant's negligent conduct was a

"'substantial factor' in bringing about the harm." *Pathways*, 113 S.W.3d at 92 (quoting Restatement (Second) of Torts § 431). The Court must "determine 'whether the evidence as to the facts makes an issue upon which the jury may reasonably differ as to whether the conduct of the defendant has been a substantial factor in causing the harm to the plaintiff.'" *Id.* (quoting Restatement (Second) of Torts § 434(1)(a)). In making this determination, the Court must view all facts in favor of the nonmovant. *Id.* If the Court determines that the jury may not reasonably differ, the Court decides the issue of causation as a matter of law. *See* Restatement (Second) of Torts § 434(1)(c).

Defendants argue that Sherley's deposition testimony belies the assertion that her fall in Walmart was a substantial factor in bringing about her back injury, because that injury did not manifest itself until 17 days later. Defendant asks the Court to find as a matter of law that a jury could not reasonably differ on whether Defendant's alleged negligent conduct was a substantial factor. The Court must consider the facts in a light most favorable to the Plaintiff in making its determination. The essential facts alleged, which resolve the matter in favor of Sherley at this time, are as follows:

> Sherley slipped on liquid in the floor of Walmart. She fell awkwardly, "tr[ying] to catch herself, only to fall backwards then forwards." (Docket No. 16, at 3.) The awkward manner in which she fell caused injury to her back. She was treated immediately for injury to her knee, but did not begin to experience back pain for some 17 days, whereupon she again sought treatment. Sherley's medical records relate her back injury to her fall at Walmart and reflect her physician's opinion that such a fall could have reasonably caused such an injury.[1]

---

[1] Whether these medical records would be admissible at trial under Fed. R. Evid. 803(4) has not been directly addressed by the parties at this time; therefore, it is not decided here.

4

Assuming for purposes of this analysis that Defendants breached a duty to Sherley, she presents a genuine issue of material fact whether, but for her fall at Walmart, she would not have suffered injury to her back, despite that injury not manifesting itself for some 17 days after the initial fall.  The Court cannot say that a jury could not reasonably differ in determining whether Defendants' conduct was a substantial factor in Sherley's back injury.  In resolving all ambiguities and drawing all reasonable inferences against the moving party, the Court is not convinced that there is no question of material fact such that Defendants are entitled to summary judgment as a matter of law.  Accordingly, the Court believes the causation-in-fact issue as currently before the Court is best left to the jury.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion for Partial Summary Judgment is DENIED.